[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that he was found guilty improperly after a hearing on a disciplinary report for security tampering. He is presently confined at MacDougal Correctional Institution by the Connecticut Commissioner of Corrections pursuant to the Interstate Corrections Compact as a convicted and sentenced prisoner by the State of New Jersey and has also been convicted and sentenced by the State of Delaware consecutive to the New Jersey sentence.
He testified before the court that on December 22, 1994 after returning to his cell with a Christmas food package, Correction officer Carroll came to his cell with a piece of mail at which point Officer Carroll stated "that's why the light is on" to which the petitioner responded "yes". This conversation was precipitated because Officer Carroll had found a piece of paper preventing the cell door locking device from operating. Officer Carroll reported to his shift supervisor. Lt. Saladini, that he was issuing a disciplinary report for security tampering on the petitioner who admitted he had placed the paper so he could leave the cell after the "count". The petitioner further testified that his cell mate, Timothy Bell, wanted to testify that he had placed the paper blocking the locking device and was called as a witness. The petitioner was found guilty at a hearing before Captain Manning on January 5, 1995 and given 15 days loss of visits and 15 days confined to quarters and recommended to the New Jersey authorities 45 days loss of good time. He has exhausted his administrative appeal procedures.
Lt. Saladini testified that when Officer Carroll reported the incident on December 2, 1994, he reviewed the disciplinary ticket and had the petitioner report for an interview to him at which time he read the report to him and that the petitioner clearly stated that he had put the piece of paper in the locking device. Correction Officer Callender was appointed investigator and came to him concerning the denial of the petitioner that he had told the Lt. that it was not he and that it was his cell mate Bell. He testified that the petitioner clearly said it was he and Bell had not come forward claiming that it was Bell.
Captain Manning, the hearing officer, testified that on the basis of the reports of Correctional Officer Carroll and Lt. Saladini to Investigator Callender, the testimony of Bell and the petitioner were not to be believed. If neither cellmate admitted the act both would have received a report. Bell told him both had CT Page 7468 agreed not to say anything immediately which meant that the time for issuing a report to Bell was too late. The obvious purpose of the conduct of the two cellmates was to get a dismissal of the report issued to the petitioner.
The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact.Superintendent v. Hill, 472, U.S. 445, 456. Likewise the sanctions given for the violation appears to be commensurate to the breaches of regulations.
The petitioner claims that he was entitled to a procedure or hearing different than that provided him by the administrative officials of the Connecticut Department of Correction. He has not set out nor given to this court what they are. Article IV (e) of the Interstate Corrections Compact, C.G.S. 18-106, provides that the receiving state shall treat all inmates confined in an institution pursuant to the compact in a reasonable and humane manner and shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution. Since all such inmates are subject to the regulations promulgated by the Commissioner of Corrections, the disciplinary procedures have been followed. The only known legal rights of the petitioner provided by the laws of the State of New Jersey implicated in the hearing was any forfeiture of earned good time which matter was returned to the State of New Jersey for its action on the recommendation of the Connecticut authorities.
For the above reasons the petitioner is denied.
Thomas H. Corrigan Judge Trial Referee